**Application of Borje Oscar ROSAEN and Robert L. Firth.**

**Patent Appeal No. 8921.**

United States Court of Customs and Patent Appeals.

May 10, 1973.

Robert C. Hauke, Hauke, Gifford, Patalidis & Dumont, Lathrup Village, Mich., attorneys of record, for appellants; Frank P. Cyr, Washington, D.C., of counsel.

S. Wm. Cochran, Washington, D.C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 16–19 and 22–23 of appellants' application,[1] entitled "Fluid Cylinder," as unpatentable under 35 U.S.C. § 103 in view of certain prior patents. We affirm.

The claimed subject matter relates to a multi-chambered fluid cylinder and piston device having four actuating chambers, two of which are pressurized to extend the device and two of which are pressurized to retract the device. Appellants state that the relationship between the cross-sectional areas of the various chambers as set forth in the claims provides an extension force up to about two times the retraction force. Appellants' preferred embodiment is illustrated in Fig. 1 of the application drawings reproduced herein.

1. Serial No. 660,454 filed August 14, 1967.

ROSAEN ET AL
S.N. 660,454

FIG. I

SOURCE OF FLUID PRESSURE

SOURCE OF FLUID PRESSURE

Claim 17 is representative of the appealed claims. Claim 17, with subparagraphing and Fig. 1 reference numerals added for clarity, reads:

17. In a fluid device [10] having a first tubular member [12] provided with a closed end [14],

a rod [18] connected to the closed end of said tubular member and extending axially into the interior of said tubular member,

a first piston [20] fixedly mounted on said rod and axially spaced from the closed end of the first tubular member,

a second piston [30] movably mounted on said rod and forming a first chamber [34] intermediate the closed end of said first tubular member and said second piston and a second chamber [44] intermediate said pistons,

a second tubular member [24] having a closed end [26] and telescopically received in the open end of said first tubular member [12] and over said first piston [20] so that said first piston forms a third chamber [40] intermediate the closed end of said second tubular member and said first piston,

and said second tubular member [24] being radially spaced from said first tubular member [12] to form a fourth fluid chamber [48] intermediate the inner surface of said first tubular member and the exterior surface of said second tubular member,

means [46] connecting said first tubular member [12] and said second tubular member [24] so the movement of said second piston [30] along said rod produces movement of said second tubular member [24] whereby expansion of said first [34] and third [40] chambers and relative movement of said pistons toward one another produces extension of said fluid device, and expansion of said second [44] and fourth [48] chambers and separation of said pistons produces retraction of said fluid device,

the improvement comprising forming said chamber so that said first chamber [34] has a cross sectional area greater than the sum of the cross sectional area of the second [44] and fourth [48] chambers;

means [42] for simultaneously connecting said first and third chamber to a common fluid pressure source [38] to expand said fluid device;

and, means [52] for simultaneously connecting said second and fourth chamber to a common fluid pressure source [56] to retract said fluid device.

In more simple terms, the improvement recited in claim 17 is that the cross-sectional area of the first chamber 34 is greater than the sum of the cross-sectional areas of the second and fourth chambers 44 and 48. Claim 16 recites that the sum of the first and third is greater than the sum of the second and fourth. Claims 18 and 19 recite that the third is greater than the sum of the second and fourth. Claim 22 recites that the sum of the first and third is twice as great as the sum of the second and fourth.

The board adopted the examiner's rejection of all of the claims as obvious under 35 U.S.C. § 103 over a patent to Rosaen[2] (hereafter the Rosaen patent), a co-inventor of the subject matter presently claimed, in view of either Onions,[3] Schmidt[4] or Bohler.[5] These re-

2. U.S. Patent No. 3,335,642 issued August 15, 1967, on an application filed January 8, 1965.

3. U.S. Patent No. 2,193,736 issued March 12, 1940.

4. U.S. Patent No. 3,371,582 issued March 5, 1968, on an application filed September 16, 1965.

5. French Patent No. 986,331 published July 30, 1951.

ference patents each relate to fluid cylinders or motor devices which, like appellants' constructions, are formed by two concentric tubular members with pistons, and each reference construction provides four chambers.

In one embodiment of the Rosaen patent, the third chamber is pressurized to extend the cylinder and, as in appellants' device, the second and fourth chambers are pressurized to retract it. The first chamber is vented to the atmosphere and the cross-sectional area of the third chamber is made equal to the sum of the areas of the second and fourth chambers to provide equal force in both directions. In another embodiment, only the second and third chambers are pressurized, and the size of the second chamber relative to the third chamber is selected so that either movement in each direction is equalized or "any desired difference in the rate of movement in the two directions can be produced."

Onions discloses pressurizing two chambers to extend or retract the device in one direction, and one of the other two chambers is filled with compressed gas to automatically retract or extend the device in an opposite direction. The second of the other two chambers may be pressurized to operate the device should gas leakage occur.

Schmidt discloses one embodiment wherein the first and third chambers are pressurized to extend the device while the second and fourth chambers are vented to the atmosphere. In another Schmidt embodiment, all four chambers are pressurized "[w]here power retraction is desired, i.e., a double stroke actuator * * *."

Bohler discloses pressuring only the first and third chambers as in Schmidt's first embodiment.

The board found that the claimed subject matter differed from that disclosed in the Rosaen patent in that the fourth chamber is pressurized according to the claims on appeal rather than vented to the atmosphere as in the Rosaen patent. It agreed with the examiner's conclusion that pressurizing the fourth chamber of the fluid cylinder disclosed in the Rosaen patent would have been obvious to one skilled in the art in view of the teachings of the other references relied upon.

## OPINION

The principal argument advanced by appellants is to the effect that pressurizing the fourth chamber of the Rosaen cylinder would not have been an obvious modification of the Rosaen patent. Appellants state that only three of the four chambers are actuated and that the single chamber actuated to extend the device has a cross-sectional area equal to the sum of the cross-sectional areas of the two chambers actuated for retraction so that the thrust in both directions will be equal. Appellants contend that pressurizing the fourth chamber to introduce imbalance in the system, the objective of the presently claimed device, is contrary to the primary purpose of the Rosaen patent. A Rosaen affidavit expresses these views, and Rosaen concluded therein that the claimed subject matter would not have been obvious from the prior art relied upon. The examiner was not persuaded by the affidavit. The board did not mention the affidavit but did affirm the examiner.

Schmidt discloses that pressurizing the fourth chamber would in fact introduce imbalance in the system, and appellants have not contended that such a result would be unexpected. Schmidt also discloses that "[i]n many applications, fluid actuators are required to apply an appreciably greater force in one direction than in the other." Such disclosure indicates the desirability of providing imbalance. It seems clear to us that at the time appellants' invention was made, the desirability of using four chambers actuated to provide unequal pressure and therefore greater force in one direction than in the other was appreciated by those skilled in the art. We do not think the disclosure of the Rosaen pa-

tent would have dissuaded those skilled in this art from adopting this recognized alternative.

Appellants state that the Rosaen patent disclosure is limited to one objective realized by one, solution. We conclude that the Rosaen patent discloses a device which may be adapted to satisfy other known objectives by known modifications. Finding that the other references demonstrate the desirability of such modification, we agree with the board.

We conclude that as a whole, the claimed subject matter would have been obvious within the meaning of § 103. The decision of the board is accordingly affirmed.

Affirmed.